Dear Mr. Thibodeaux:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. You indicate you are a parish council member in Terrebonne Parish and considered a part-time elected official. A job vacancy for Executive Director of the Work Connection, Inc. has been announced. You point out that Work Connection, Inc. is a public not for profit legal corporation that administers employment and training services through the Workforce Investment Act (WIA), whose governing authority is a five member Board of Directors that has announced the vacancy. You further stated that the Corporation services the parishes of Assumption, Lafourche, and Terrebonne, and the five member Board are appointed by the parish presidents of the serviced area, with the agency receiving Title 1 funds from the LAAT Workforce Investment Board, Inc.
You set forth the following questions:
 1. If offered, may I accept employment as Executive Director of the Work Connection and continue in my elected position as Terrebonne Parish Council member without violating any state laws?
 2. May I accept employment with the Work Connection while continuing to hold elected office in Terrebonne Parish?
 3. Are there any state laws which would prohibit me from accepting employment with the Work Connection, Inc.?
Pertinent to your inquiry are the provisions of Title 42 of the Revised Statutes, Public Officers and Employees, Chapter 2, Part III, Dual Officeholding and Dual Employment.
Therein R.S. 42:63(D) provides in part as follows:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office.
We do not find under the circumstances herein that the provisions of R.S 42:63 are applicable to establish a violation of dual officeholding by the employment in question insofar as the employment at issue is not in the government of this state or the political subdivision in which you hold elective office.
However, we further note that R.S. 42:64, "Incompatible Offices", sets forth, that in addition to the prohibitions otherwise provided, that other offices or employment shall not be held by the same person as being incompatible offices when the incumbent of one of the offices, whether or not in conjunction with fellow officers "has the power to appoint or remove the incumbent of the other", "receives the oath and/or bond of the incumbent of the other", "is charged by law with instituting actions for penalties against the incumbent of the other office", "is required by law to execute orders and follow directions given by the incumbent of the other office", "is charged with auditing the accounts of or approving the budget of the other position" or "funds received by one office or employment are deposited with or turned over to the other office of position."
While we do not find that the provisions of R.S. 42:63 would be applicable to your situation so as to prohibit the employment in question inasmuch as the employment is in no way connected or controlled by the political subdivision wherein you hold elective office, we find concern with the prohibition of employment where funds by one office or employment are being turned over to the other.
In this regard we find, while the Work Connection is funded by the Federal Government, the local boards are to develop a budget for carrying out its duties, and it "may solicit and accept grants and donations from sources other than Federal funds made available under this Act." This presents the problem of the possibility of a conflict by the Parish Council being solicited or giving money to the local board.
In Atty.Gen.Op. 02-156 this office was asked whether a member of the Hammond City Council could hold the position of Executive Director of a private, non-profit transportation brokerage firm. While this office found there was "no possible violation of the dual officeholding or dual employment prohibition found in L.A.-R.S. 42:63(D) since the non-profit corporation was not part of a political subdivision, it was found that R.S. 42:64(A)(6) was applicable as an incompatible office wherein "funds received by one office or employment are deposited with or turned over to the other office or position." It was noted that the corporation was a parish entity which received approximately 90% of its proceeds from the federal government with the balance from contributions and donations. This office then concluded if the City Council either transfers or donates funds to the corporation while a city councilman holds employment with the organization as its executive director, such arrangement would constitute incompatible offices. The opinion observed, "The city council would be allocating monies to an organization run by a member of the city council, and such factual circumstances would violate the dual officeholding law."
Although you have indicated by telephone conversation that the employment may be other than Executive Director, we would still find a violation of the dual officeholding statute of incompatible offices since funds of the Parish are turned over to the Corporation that employs you. This office concluded in Atty. Gen. Op. 92-187 that a member of the police jury should not also be a salaried position with a community service action program that is funded in part with funds from the police jury.
Accordingly, we find employment at Work Connection, Inc. while you serve as a Terrebonne Parish Council member would violate state law as incompatible positions insofar as funds are sought by the Corporation from the Parish. Therefore, you could not continue in your elected position as a member of the Terrebonne Parish Council after accepting such employment if funds are sought by the corporation from the Parish.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr